Williamsport Area Community College Education Association, Appellant *v.* Williamsport Area Community College, Appellee.

Argued March 6, 1979, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS, CRAIG and MACPHAIL. Judges BLATT and DISALLE did not participate.

*William A. Hebe,* with him *Spencer, Gleason & Hebe,* for appellant.

*Charles J. McKelvey,* with him *McNerney, Page, Vanderlin & Hall,* for appellee.

OPINION BY JUDGE MENCER, June 7, 1979:

The Williamsport Area Community College Education Association (Association) filed an appeal in this Court from a March 9, 1978 order of the Court of Common Pleas of Lycoming County by which judgment was entered in favor of the Williamsport Area Community College (College) in an action in equity brought by the Association for specific performance of a contractual agreement to arbitrate grievances arising under a collective bargaining agreement.

The Association and the College entered into a collective bargaining agreement which commenced January 25, 1972 and terminated June 30, 1973. Negotiations for a successor agreement commenced in a timely fashion and, by agreement of the parties, the collective bargaining agreement was extended to October 15, 1973. Negotiations were unsuccessful and, on October 30, 1973, the Association commenced a strike which lasted through November 16, 1973. Basic agreement as to the terms of the successor collective bar-

gaining agreement was achieved by Thanksgiving 1973. The successor collective bargaining agreement was actually executed by the parties on February 4, 1974, which agreement became effective as of that date, except as to certain specific terms which were made retroactive to July 1, 1973.

The grievance which formed the basis for the specific performance action was filed by the Association on February 9, 1974, the grievance contending that the college had violated the terms of the new agreement by deducting from the paychecks of its members, during the months of November and December 1973 and January 1974, twelve days' pay, which period approximated the number of days the Association was on strike. The College refused to proceed to arbitration with respect to the grievance.

The trial court concluded that there was no agreement to arbitrate in existence at the time the actions giving rise to the grievance took place and therefore this case was controlled by *Pennsylvania Labor Relations Board v. Williamsport Area School District,* 29 Pa. Commonwealth Ct. 355, 370 A.2d 1241 (1977). In *Williamsport Area School District,* we held that an employer does not commit an unfair labor practice by refusing to submit a dispute to a grievance procedure when the dispute arose after the expiration of a contract containing provisions establishing grievance procedures and while no collective bargaining agreement was in force. However, in the instant case, there was a collective bargaining agreement in existence when the grievance was filed. Thus, we must conclude that this case is controlled by *Lincoln University v. Lincoln University Chapter of AAUP,* 467 Pa. 112, 354 A.2d 576 (1976).

In *Lincoln University,* our Supreme Court set forth a two-part test to determine whether the parties to an agreement must proceed to arbitration: (1) was an

agreement to arbitrate entered into; and (2) does the dispute involved fall within the arbitration clause.

In this case, a collective bargaining agreement was entered into five days prior to the filing of the grievance, and that agreement contains a provision to arbitrate grievances. The grievance-arbitration procedure is set forth in Article VI of the subject collective bargaining agreement and provides, in pertinent part, as follows:

Section 2. A grievance is an allegation by an employee, a group of employees, or, if ten (10) or more employees are aggrieved, by the Association that the Employer has misinterpreted or misapplied the terms of this Agreement as to him or them; provided, that if any legal issue or question is involved in the grievance, the grievance shall be handled as provided herein, except that shall terminate with Step 3, below, and be subject to review only by a court of competent jurisdiction.

. . . .

Step 4. If the President fails to reply within the time specified in Step 3, or if his reply is unsatisfactory to the aggrieved, the Association shall determine whether it wishes to submit the matter to arbitration. In the event it wishes to do so and if the grievant concurs, it shall within ten (10) days following the President's reply (or if he has failed to reply within ten (10) days following the end of the twenty (20)-day period set forth in Step 3), notify the Employer in writing of its desire to submit the grievance to arbitration.

. . . .

F. The award of the arbitrator shall be final, binding and conclusive upon all parties to the proceedings and on all employees; provided,

however, that the arbitrator's jurisdiction shall be limited solely to the application and interpretation of this Agreement. He shall have no power to add to, modify, or amend in any respect to any provisions of this Agreement; provided, further, that the arbitrator shall have no power to determine any question of law but that only a court of competent jurisdiction shall resolve any legal issue or question which arises in the course of the arbitration proceeding or on which the grievance is based.

The grievance in question alleges:

[Williamsport Area Community College Education Association] feels that the following points of the ratified agreement have been violated by the College:

Article XII, Section 1 [Term of employment]

Article XXVI, Section 1 [Salaries]

The employees of the Williamsport Area Community College are hired to teach an academic year. The students have received full instructional time for the Fall semester and will receive full instructional time in the Spring semester. The College has not paid its employees their contractual salaries. Therefore in filing this grievance, the Williamsport Area Community College Education Association asks for all back pay plus interest.

While it is true that the actual act complained of occurred during the hiatus which occurred between the expiration of the prior collective bargaining agreement and the execution of the new one, the question of whether or not that fact removes the grievance from the terms and conditions of the new agreement is a question for the arbitrator, not the courts, to decide initially.

Since the grievance here was filed after the effective date of the new collective bargaining agreement and the dispute pertains to an allegation that the College has misapplied the terms of the agreement relative to salaries and term of employment, we can only conclude that the grievance is subject to arbitration. *Lincoln University v. Lincoln University Chapter of AAUP, supra.*

The trial court, in its adjudication, stated that its resolution in the negative of the issue of whether or not there was an agreement to arbitrate in existence at the time the actions giving rise to the grievance took place was dispositive of the entire matter before it and therefore did not rule upon other legal issues raised.

Accordingly, we reverse the trial court on the issue of the grievance's being arbitrable and remand to the trial court to rule upon the issue of whether or not a provision of a collective bargaining agreement entered into between a public employer and a public employee organization, pursuant to the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 et seq., may reserve the determination of legal issues to a court of competent jurisdiction and oust the arbitrator's power to pass upon questions of law. Article VI, Section 3(F) of the agreement made and entered into by the parties to this litigation reads, in pertinent part, that "the arbitrator shall have no power to determine any question of law but that only a court of competent jurisdiction shall resolve any legal issue or question which arises in the course of the arbitration proceeding or on which the grievance is based."

Order reversed and case remanded.

## ORDER

AND Now, this 7th day of June, 1979, the March 9, 1978 order of the Court of Common Pleas of Lycoming

County, entering judgment in favor of the Williamsport Area Community College, is reversed, and this case is remanded to that court for further proceedings, including passing upon issues pending before the court on March 9, 1978, the merits of which have not been ruled upon.