Richland Education Association, Appellant *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Richland School District, Appellees.

Argued May 7, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*William K. Eckel*, for appellant.

*Raymond W. Cromer*, with him *James L. Crawford*, and *Larry J. Rappoport*, for appellee, Pennsylvania Labor Relations Board.

*Ralph F. Kraft*, with him *Kraft & Rizzo*, for appellee, Richland School District.

OPINION BY JUDGE WILKINSON, JR., June 26, 1979:

This is an appeal from a decision of the Court of Common Pleas of Cambria County which affirmed a final order of the Pennsylvania Labor Relations Board (Board), dismissing the charge of an unfair labor practice. The appellant had charged the Richland School District (District), with an unfair labor practice for refusing to arbitrate a grievance in violation of Section 1201(a)(1)(5) of the Public Employe Relations Act (Act), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1201(a)(1)(5). The Board found that the member of appellant's association, a temporary substitute teacher, whose wage dispute constituted the basis for the grievance was not a member of a bargaining unit covered by the contract. We affirm.

On May 1, 1976, the regular Spanish teacher of the District suffered a serious accident. A substitute was employed on a day to day basis at $34.00 per day to serve until the regular teacher returned. This substitute is variously characterized as a "day to day substitute" or a "temporary substitute." In any event, he was not a "regular substitute." Appellant filed a grievance alleging this substitute teacher was not receiving the salary required by the collective bargaining agreement.

The District declined to process the grievance on the grounds that the employee was not a member of a bargaining unit covered by the contract.

Thus, the facts are not in dispute. The issue is whether the employee is within a bargaining unit covered by the contract. The Board broke this into two questions: (1) Which bargaining units are covered by the contract; and, (2) is the aggrieved employee a member of a bargaining unit that is covered.

The issue for resolution before us is whether this is a proper issue to be resolved by the Board or must

it be resolved by an arbitrator. The answer is perfectly simple and straightforward—it is properly decided by the Board.

Section 604 of the Act, 43 P.S. §1101.604 provides:

> *The board shall determine the appropriateness of a unit* which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the board shall:
>
> (1) Take into consideration but shall not be limited to the following: (i) public employes must have an identifiable community of interest, and (ii) the effects of over-fragmentization. . . . (Emphasis added.)

The law with regard to this subject has been adequately set forth in *Pennsylvania Labor Relations Board v. American Federation of State, County and Municipal Employes,* 20 Pa. Commonwealth Ct. 572, 342 A. 2d 155 (1975) and *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board,* 17 Pa. Commonwealth Ct. 91, 330 A.2d 264 (1975).

Appellant relies on *Lincoln University v. Lincoln University Chapter of the American Association of University Professors,* 467 Pa. 112, 354 A.2d 576 (1976) and *North Star School District v. Pennsylvania Labor Relations Board,* 35 Pa. Commonwealth Ct. 429, 386 A.2d 1059 (1978). This reliance is misplaced. These cases properly emphasize the importance of resolving disputes by arbitration. However, neither case involved a question which is reserved by the Act for resolution by the Board.

Accordingly, we will enter the following

ORDER

AND Now, June 26, 1979, the order of the Court of Common Pleas of Cambria County, Civil Division, No. 1977-3804, dated June 12, 1978 affirming the or-

der of the Pennsylvania Labor Relations Board is affirmed.