Williamsport Area Community College, Appellant *v.* Williamsport Area Community College Education Association, Appellee.

Argued December 10, 1980, before President Judge CRUMLISH and Judges WILKINSON, JR., ROGERS, BLATT, CRAIG, MACPHAIL and WILLIAMS, JR. Judges MENCER and PALLADINO did not participate.

*Charles J. McKelvey, McNerney, Page, Vanderlin & Hall,* for appellant.

*William A. Hebe, Spencer, Gleason & Hebe,* for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, April 3, 1981:

An action for specific performance of an agreement to arbitrate a dispute arising out of a collective bargaining agreement entered into under the Pennsylvania Employe Relations Act (PERA) triggered this appeal.[1] We, in *Williamsport Area Community College Education Association v. Williamsport Area Community College,* 43 Pa. Commonwealth Ct. 270, 402 A.2d 1102 (1979), held that the grievance was arbitrable and remanded the matter to the trial court for the purpose of determining whether a provision in the agreement which prohibited the arbitrator from deciding legal issues was violative of PERA. The lower

---

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.101 *et seq.*

court concluded that the provision violated the Act. We affirm.

Williamsport Area Community College Education Association (Association) and Williamsport Area Community College (College) entered into a collective bargaining agreement which provided in pertinent part:

> F. The award of the arbitrator shall be final, binding and conclusive upon all parties to the proceedings and on all employees; provided, however, that the arbitrator's jurisdiction shall be limited solely to the application and interpretation of this Agreement. He shall have no power to add to, modify, or amend in any respect to any provisions of this Agreement; *Provided, further, that the arbitrator shall have no power to determine any question of law but that only a court of competent jurisdiction shall resolve any legal issue or question which arises in the course of the arbitration proceeding or on which the grievance is based.* (Emphasis added.)

The College argues that the provision of the agreement reserving determination of legal questions to the Courts is in keeping with Section 17 of the Arbitration Act of 1927,[2] 5 Pa. C.S.A. §177:

> The arbitrators, or the parties to the arbitration with the approval of the arbitrators, shall have the right to apply to the court, at any time during the arbitration proceedings, for the determination of any legal question in accordance with the terms of the Uniform Declaratory Judgments Act. Such an application, however, shall not operate as a stay of proceedings unless

---

[2] Act of April 25, 1927, P.L. 381, *as amended,* 5 P.S. §177 *repealed* by Section 501(c) of the Act of October 5, 1980, P.L. 693, known as the Jara Continuation Act of 1980.

the arbitrators consent to such stay of proceedings.

The Association urges us to hold that PERA controls this litigation.

Since PERA is the most recently enacted of the two statutes, it follows *a fortiori that PERA takes precedence and controls. Community College of Beaver County v. Community College of Beaver County, Society of the Faculty*, 473 Pa. 476, 375 A.2d 1267 (1967).

Section 903, 43 P.S. §1101.903, provides in pertinent part that

Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is mandatory. The procedure to be adopted is a proper subject of bargaining *with the proviso that the final step shall provide for a binding decision by an arbitrator* or a tri-partite of arbitrators as the parties may agree. (Emphasis added.)

PERA clearly provides that an arbitrator shall make the final decision as to disputes or grievances arising out of a collective bargaining agreement. The Court's role is thus limited to reviewing that decision to determine if it is rationally derived from the tenor of the bargaining agreement. This is law in this Commonwealth notwithstanding mutual contractual provisions to the contrary.[3]

Finally, we dismiss the College's argument that Section 903 of PERA has repealed, by implication,

---

[3] The College also argues that resolution of questions of law is historically within the province of the Court and not the fact finder. However, our Supreme Court in *Community College of Beaver County v. Community College of Beaver County Faculty Association, supra*, has stated that in an arbitration proceeding the arbitrator can decide questions of law which are pendant to the fact finding process.

Section 17 of the Arbitration Act of 1927. We see no irreconcilable conflict between the two statutes. In fact, Section 17 of the Arbitration Act allows access to the courts through the Uniform Declaratory Judgments Act (now Declaratory Judgments Act), but this recourse is only available in instances wherein the arbitrator himself has approved or has decided that declaratory relief is necessary. In short, the relief is purely discretionary. However, we find nothing in PERA to prevent an arbitrator from seeking the discretionary relief provided for in Section 17 of the Arbitration Act.[4] At the same time, a collective bargaining agreement cannot be drawn in such a fashion as to mandate declaratory relief. Since "Section F" of the agreement seeks such a result, it must fall.

Affirmed.

ORDER

The order of the Court of Common Pleas of Lycoming County dated October 11, 1979, is hereby affirmed.

This decision was reached prior to the expiration of the term of office of Judge WILKINSON, JR.

---

[4] We are careful to note that an arbitrator will be bound by whatever relief is afforded under the Declaratory Judgment Act. This does not suggest that the courts are making a final decision but rather finality goes to the arbitrator's initial decision to seek a declaratory judgment.