The School District of the Township of Millcreek, Appellant *v.* Millcreek Education Association and Pennsylvania Labor Relations Board, Appellees.

Argued October 7, 1981, before Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Mark E. Mioduszewski,* with him *Donald E. Wright, Jr., Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for appellant.

*George Levin,* for appellee, Millcreek Education Association.

*Anthony Busillo, II,* with him *James L. Crawford, Anthony D. Newman,* and *Cheryl G. Young,* for appellee, Pennsylvania Labor Relations Board.

*William Fearen,* with him *Michael I. Levin, Cleckner and Fearen,* for Amicus Curiae, The Pennsylvania School Boards Association.

OPINION BY JUDGE MENCER, February 3, 1982:

In February 1971, the Pennsylvania Labor Relations Board (PLRB) certified the Millcreek Education Association (Union) as the exclusive representa-

tive for the bargaining unit consisting of "teachers, traveling teachers, guidance counselors, librarians, traveling librarian, dental hygienist, speech therapists, and nurses" employed by the School District of Millcreek Township (School District). The Union and the School District thereafter negotiated several collective bargaining agreements without changing the description of the bargaining unit. At the time that the PLRB certified the bargaining unit, the School District employed "long term substitute teachers" to fill the positions of teachers who were on leaves of absence extending beyond 89 days.

When a dispute arose in 1976 concerning the inclusion of the long-term substitute teachers in the bargaining unit, the Union filed a petition for unit clarification with the PLRB. The PLRB found that the long-term substitutes shared a "community of interest" with the other full-time permanent employees sufficient to justify their inclusion in the same bargaining unit. On appeal by the School District, the Court of Common Pleas of Erie County affirmed the decision of the PLRB. This appeal followed:

Section 604 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.604, provides, in pertinent part, as follows:

> The [PLRB] shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the [PLRB] shall:
>
> (1) Take into consideration but shall not be limited to the following: (i) public employes must have an identifiable community of interest, and (ii) the effects of over-fragmentization.

In reviewing the PLRB's application of this section, the court must rely upon the expertise of the PLRB

in this specialized field to weigh and determine the facts; the court must decide only whether the findings of the PLRB are supported by substantial evidence and whether the conclusions are reasonable, and not arbitrary, capricious, or illegal. *Western Psychiatric Institute v. Pennsylvania Labor Relations Board,* 16 Pa. Commonwealth Ct. 204, 330 A.2d 257 (1974).

In applying Section 604, the PLRB first considers whether long-term substitute teachers are part-time employees who possess a community of interest with other members of the unit, rather than casual employees who possess only a limited interest in the employment relationship. It is settled that, where a sufficiently strong community of interest exists, part-time employees may be included in the same bargaining unit with full-time employees. *Albert Einstein Medical Center v. Pennsylvania Labor Relations Board,* 17 Pa. Commonwealth Ct. 91, 330 A.2d 264 (1975). In order to establish this community of interest, the PLRB then requires the part-time employees to demonstrate an ''expectancy of continued employment.''

The PLRB found that the long-term substitute teachers were required to have the same teaching certification for the Department of Education as full-time permanent teachers; they had to work the same daily hours and academic year; they had to assume the same teaching assignments and teacher-related duties such as homeroom, bus duty, hall duty, and study hall; they were observed and evaluated using the same standards and procedures; they were required to prepare the same lesson plans and attend parent-teacher conferences, in-service days, and PTA meetings. After determining that the long-term substitutes had demonstrated an expectancy of continued employment, the PLRB concluded that an identifiable

community of interest exists between the long-term substitute teachers and the other members of the certified bargaining unit.

The School District first argues that the PLRB erred in its decision since the Public School Code of 1949 does not include substitute teachers in its definition of "teacher,"[1] and the collective bargaining agreements between the Union and the School District have been limited in applicability to teachers and professional employees. We find no merit in this argument, since the provisions of the Public School Code are not dispositive of employee status under the PERA. The purpose of a unit clarification procedure under the PERA is to determine whether certain job classifications are properly included in a bargaining unit, based upon the actual functions of the job. *See Erie County Area Vocational-Technical School v. Pennsylvania Labor Relations Board*, 52 Pa. Commonwealth Ct. 388, 417 A.2d 796 (1980). Therefore, the distinction made in the Public School Code between permanent teachers and substitute teachers is merely one factor for the PLRB to consider in ascertaining whether the two groups share a community of interest.[2]

The School District next argues that long-term substitute teachers cannot possess a reasonable expectancy of continued employment since they are teaching in positions encumbered by professional em-

---

[1] Section 1141(1) of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1141(1).

[2] The School District also contends that the PLRB erred in its decision, since (1) long-term substitutes are similar in many aspects to casual substitutes and (2) the bargaining history indicates that long-term substitutes were not mentioned a the time of certification. Again, these factors alone do not compel a different result; they are only two of many circumstances that the PLRB must consider in determining the appropriate bargaining unit.

ployees who have an absolute right to return upon expiration of their leave. The PLRB has adopted several criteria for determining whether an employee possesses an expectancy of continued employment. The PLRB first examines whether the employee has been hired for a substantial period of time during the semester in issue; it then considers whether the employee has either a history of employment for a substantial period in the previous semester or the possibility of employment for a substantial period in the next semester. The test does not require that the employment be indefinite in duration. We cannot say that this test, designed to distinguish casual employees from employees sharing a community of interest with other full-time workers, is unreasonable or contrary to the law.

The School District finally contends that the decision of the PLRB should operate prospectively only, since it creates a new principle of law by including long-term substitute teachers in the same bargaining unit with other permanent employees where the long-term substitutes possess an expectancy of continued employment. This argument was not raised before the PLRB, and Section 1501 of the PERA, 43 P.S. §1101.1501, prohibits a reviewing court from considering an objection which has not been raised before the PLRB absent "extraordinary circumstances," which we do not find here. *See In re Employees of Taylor Hospital,* 33 Pa. Commonwealth Ct. 160, 380 A.2d 1325 (1977).

Order affirmed.

ORDER

AND Now, this 3rd day of February, 1982, the order of the Court of Common Pleas of Erie County, dated November 3, 1980, affirming the decision of the

Pennsylvania Labor Relations Board to include long-term substitutes in the bargaining unit with the full-time permanent employees of Millcreek Township School District, is affirmed.

Judge PALLADINO did not participate in the decision in this case.