Northwest Tri-County Intermediate Unit No. 5 Education Association, Appellant *v.* Northwest Tri-County Intermediate Unit No. 5, Appellee.

Northwest Tri-County Intermediate Unit No. 5, Appellant *v.* Northwest Tri-County Intermediate Unit No. 5, Education Association, Appellee.

Argued March 3, 1983, before Judges ROGERS, CRAIG and DOYLE, sitting as a panel of three.

*George Levin, Shamp, Levin, Arduini and Hain,* for appellant/cross appellee.

*Bruce L. Getsinger,* with him *Donald C. Buseck, Quinn, Gent, Buseck and Leemhuis, Inc.,* for appellee/cross appellant.

OPINION BY JUDGE DOYLE, September 9, 1983:

Before this Court is an appeal by the Northwest Tri-County Intermediate Unit No. 5 Education Association (Association) from a decision and order of the Court of Common Pleas of Erie County vacating an arbitration award in favor of the Association and sustaining an appeal by the Northwest Tri-County Intermediate Unit No. 5 (Intermediate Unit).

The Intermediate Unit and the Association are parties to a collective bargaining agreement effective from August 1, 1980 through July 31, 1983. The bargaining unit covered by said agreement, consistent with certification by the Pennsylvania Labor Relations Board (PLRB), includes all full-time regularly employed teachers of the Intermediate Unit. On November 19, 1980, the Association filed a grievance alleging that, by employing full-time substitute teachers without af-

fording them the rights and benefits of the collective bargaining agreement, the Intermediate Unit was violating the agreement's recognition clause and, hence, the PLRB's bargaining unit certification. The Intermediate Unit denied the grievance on the ground that full-time substitutes were not members of the bargaining unit.

Following submissions of the dispute to arbitration, Arbitrator Irwin J. Dean, Jr. sustained the grievance. He held that substitute teachers employed for a period exceeding eighty-nine days must prospectively be considered members of the bargaining unit. On appeal by the Intermediate Unit, the court of common pleas vacated the arbitrator's award on the grounds that the determination as to the composition of a bargaining unit was the exclusive function of the PLRB under the terms of Section 604 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.604.[1] The Association's appeal to this Court followed. In it, the Association asserts, (1) that the common pleas court's decision was in error as a matter of law, (2) that the Intermediate Unit waived any objections to the jurisdiction of the arbitrator by submitting to arbitration, and (3) that the arbitrator's award should be sustained under the terms of the "essence test," *i.e.*, a court's scope of review of an arbitrator's award set forth in *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981).

In addressing the Association's first ground for appeal, we note that the focus of Section 604 of PERA is certification by the PLRB of the bargaining unit. Once

---

[1] Section 604 reads, in pertinent part: "The board shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof." This language is followed by a list of factors the PLRB must take into account in making its determination.

certification has been obtained and a collective bargaining agreement entered into, the PLRB, *may*, under Section 604, determine whether an employee is or is not a member of the bargaining unit. *Richland Education Association v. Pennsylvania Labor Relations Board*, 43 Pa. Commonwealth Ct. 550, 403 A.2d 1008 (1979). The PLRB's jurisdiction to so proceed, however, is *not* exclusive. *Richland Education Association v. Richland School District*, 53 Pa. Commonwealth Ct. 367, 418 A.2d 787 (1980). While an arbitrator may not alter the definition of the bargaining unit encompassed by the PLRB's certification thereof, he is vested with jurisdiction to determine whether or not particular employees are members of the bargaining unit *as it is defined. Id. See Leechburg; American Federation of State, County and Municipal Employees, Local Union 757 v. City of Butler*, 66 Pa. Commonwealth Ct. 205, 443 A.2d 1357 (1982); *Williamsport Area Community College v. Williamsport Area Community College Education Association*, 58 Pa. Commonwealth Ct. 256, 427 A.2d 754 (1981). Thus, the common pleas court erred as a matter of law in the case at bar in ruling that the arbitrator was without jurisdiction to determine whether full-time substitute teachers were members of a bargaining unit certified to include full-time teachers.[2]

With respect to the merits of the arbitrator's decision, this issue was not reached by the court of common pleas as a result of its resolving the Intermediate Unit's appeal on jurisdictional grounds. Perceiving nothing to be gained by a remand, however, we will therefore address the issue now in the interest of judicial economy.

---

[2] Having ruled in the Association's favor as to this issue, there is no need to address the question of whether the Intermediate Unit waived any objections to the arbitrator's jurisdiction.

As noted above, judicial review of an arbitrator's decision is restricted by the "essence test." Under this standard, the reviewing court must initially determine if the terms of the collective bargaining agreement encompass the subject matter of the dispute. *Leechburg.* The court's "inquiry ends once it is determined that the issue properly defined is within the terms of the agreement." *Id.* at 521, 424 A.2d at 1313. "The fact that ... [the] arbitrator in analyzing ... [the] dispute may have failed to properly perceive the question presented or erroneously resolved it, does not provide justification for judicial interference." *Id.* Article I of the collective bargaining agreement here at issue incorporates the PLRB's certification of representation. By this act, the parties have rendered the question of whether certain parties are encompassed by the definition of the bargaining unit a matter of contract interpretation which, in turn, makes it a proper subject for arbitration under the "essence test." And, since we have previously held that the arbitrator was not otherwise precluded by statute from acting on the Association's submission, we must defer to his decision that full-time substitute teachers must prospectively be considered members of the bargaining unit.[3]

ORDER

Now, September 9, 1983, the decision and order of the Court of Common Pleas of Erie County in the above captioned matter, No. 4921-A-1981, dated

---

[3] We *additionally note that, under the terms of the collective bargaining agreement at issue in this case, the description of the duties and responsibilities of full-time substitutes employed by the Intermediate Unit and this Court's opinion in* School District of the Township of Millcreek v. Millcreek Education Association, *64 Pa. Commonwealth Ct. 389, 440 A.2d 673 (1982), the decision of the arbitrator is clearly reasonable.*

August 20, 1982 is hereby reversed. The opinion and award of the arbitrator is reinstated. The motion of the Northwest Tri-County Intermediate Unit No. 5 Education Association to suppress the supplemental record entered in this matter is overruled.