Wayne Highlands Education Association and Jennifer Rajoppi, Appellants *v.* Wayne Highlands School District, Appellee.

Argued June 4, 1985, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Peter J. O'Brien, O'Brien & Miller,* for appellants.

*Lee C. Krause,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, September 26, 1985:

Wayne Highlands Education Association and Jennifer Rajoppi appeal here the order of the Wayne

County Court of Common Pleas vacating the arbitrator's award which declared Rajoppi's grievance arbitrable and directed the Wayne Highlands School District to offer Rajoppi the first available part-time or full-time regular teaching position for which she is certified.

Rajoppi was initially employed by the District during the 1980-81 school year as a per-diem substitute teacher. She substituted full-time for the entire 1981-82 school year. That summer a half-time teacher position became available and Rajoppi applied for the position. The successful candidate, not Rajoppi, had no prior teaching experience with the District. Article 26 of the collective bargaining agreement between the District and the Association provides that members of the bargaining unit shall be given first consideration in point of time in filling vacancies and that just cause will be given the current employee for not being hired for the position. Article 27 of the bargaining agreement provides in pertinent part that no professional employee shall be deprived of any professional advantage without just cause. Rajoppi filed a grievance with the District. The District challenged Rajoppi's right to grieve under the terms of the agreement. The recognition clause of the collective bargaining agreement between the District and the Association identifies the Association as the exclusive representative for bargaining purposes of the District's employees including classroom teachers, librarians, school nurses and school guidance counselors, and excluding supervisors, first level supervisors and confidential employees. Since full-time substitute teachers are not referenced in the recognition clause, the District asserted that Rajoppi could not pursue the grievance procedure available to members of the bargaining unit by virtue of the collective bargaining

agreement negotiated by the Association on behalf of its members. In sum, the District argued that Rajoppi's grievance was not arbitrable.

The arbitrator decided that, because Rajoppi was paid in accordance with the same salary schedule over the same period of time, performed the same type of work under the same conditions at the same location, worked the same hours and received the same employment benefits as other professional employees (teachers and others) unquestionably covered by the recognition clause of the bargaining agreement, and because Rajoppi had an expectancy of continued employment with the District, she was a member of the bargaining unit and her grievance was arbitrable.[1] The arbitrator also found in favor of Rajoppi with regard to

---

[1] Section 604 of the Public Employes Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.604, provides that the PLRB in determining the appropriateness of a bargaining unit must take into consideration, whether the employees sought to be included in the bargaining unit have an identifiable community of interest with the other employees in the bargaining unit; it must also consider the effects of overfragmentization. We noted in *Millcreek School District of the Township of Millcreek v. Millcreek Education Association and Pennsylvania Labor Relations Board*, 64 Pa. Commonwealth Ct. 389, 440 A.2d 673 (1982) that the judiciary, interpreting the above provision, has sanctioned an additional PLRB requirement that part-time employees who wish to be included in the bargaining unit demonstrate an expectancy of continued employment thereby establishing their community of interest with the bargaining unit members.

In *Northwest Tri-County Intermediate Unit No. 5 Education Association v. Northwest Tri-County Intermediate Unit No. 5*, 77 Pa. Commonwealth Ct. 92, 465 A.2d 89 (1983), we held that the PLRB's jurisdiction to proceed under Section 604 of the PERA, is not exclusive. "While an arbitrator may not alter the definition of the bargaining unit encompassed by the PLRB's certification thereof, he is vested with jurisdiction to determine whether or not particular employes are members of the bargaining unit *as it is defined*." 77 Pa. Commonwealth Ct. at 95, 465 A.2d at 90-91 (emphasis in original).

Rajoppi's contention that the District violated Articles 26 and 27 of the bargaining agreement. The arbitrator therefore sustained Rajoppi's grievance and directed the District to offer Rajoppi the first available teaching position for which she is certified. The District thereafter appealed to the Common Pleas Court of Wayne County.

The common pleas court independently applied the unit clarification analysis set forth in *Millcreek School District of the Township of Millcreek v. Millcreek Education Association and Pennsylvania Labor Relations Board*, 64 Pa. Commonwealth Ct. 389, 440 A.2d 673 (1982) to Rajoppi's circumstances and determined that since Rajoppi, in the court's view, did not have an expectancy of continued employment at the time her grievance arose, she was not properly included in the bargaining unit and, hence, her grievance was not arbitrable.

The Association appealed the common pleas court's order to this court and, on appeal, the Association argues that the common pleas court cannot substitute its judgment for that of the arbitrator on arbitrability disputes and that the court had no authority to reinterpret the bargaining agreement on the question of Rajoppi's membership in the bargaining unit. The Association also argues that the arbitrator may make a reasonable interpretation of the scope of discretion of an employer in filling vacancies and that the arbitrator was within his authority in ordering the District to offer Rajoppi the next available teaching position.

The reviewing court's limited role with respect to the issue of arbitrability in the instant case is to determine whether the question of Rajoppi's membership in the bargaining unit arguably requires interpretation of a provision in the collective bargaining agree-

ment. If the issue is one arguably addressed by the bargaining agreement then arbitration is required. *Ringgold School District v. Abramski*, 57 Pa. Commonwealth Ct. 33, 426 A.2d 707 (1981). Section 903 of PERA explicitly provides, "Arbitration of disputes or grievances arising out of the interpretation of the provisions of a collective bargaining agreement is *mandatory.*" 43 P.S. §1101.903 (emphasis added). As we stated in *East Pennsboro Area School District v. Pennsylvania Labor Relations Board and East Pennsboro Area Education Association*, 78 Pa. Commonwealth Ct. 301, 467 A.2d 1356 (1983):

> . . . By allowing the employer to unilaterally refuse to submit a dispute to arbitration would in effect allow the employer's interpretation to control. While the PLRB has statutory authority to determine questions of arbitrability when it decides an unfair labor practice has been committed by a refusal to arbitrate, the Supreme Court has made clear that questions of arbitrability must first be submitted to an arbitrator and that any refusal to arbitrate a dispute concerning a collective bargaining agreement is per se an unfair labor practice.
>
> The reluctance of various public employers to submit disputes to arbitration evidently centers on the limited scope of judicial review from an arbitrator's decision. . . .

78 Pa. Commonwealth Ct. at 308-309, 467 A.2d at 1359-60.

Our Supreme Court in *Leechburg Area School District v. Dale*, 492 Pa. 515, 424 A.2d 1309 (1981), pointed out that review of an arbitrator's decision is highly circumscribed and will not be overturned if it draws its essence from the collective bargaining agreement.

> The essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court.

*Leechburg,* 492 Pa. at 520-521, 424 A.2d at 1312-13. The broad judicial deference given arbitrator's awards applies with equal force to determinations regarding the arbitrability of a grievance. *Scranton Federation of Teachers v. Scranton School District,* 498 Pa. 58, 444 A.2d 1144 (1982).

Resolution of the issue whether Rajoppi's grievance was arbitrable clearly required interpretation of the bargaining agreement's recognition clause. The arbitrator's decision to include Rajoppi in the membership of the bargaining unit, in our view, drew its essence from the collective bargaining agreement and we will defer to his interpretation as we have done in previous cases. *See AFSCME v. City of Butler,* 66 Pa. Commonwealth Ct. 205, 443 A.2d 1357 (1982) (arbitrator's determination that CETA workers were members of the bargaining unit and therefore entitled to wages paid to contract scale may not be disturbed by the courts) and *Richland Education Association v. Richland School District,* 53 Pa. Commonwealth Ct. 367, 418 A.2d 787 (1980) (arbitrator did not expand the definition of the bargaining unit when he found that "preferred substitute teachers" fell within the defined bargaining unit).

We turn, therefore, to the question whether the arbitrator exceeded his authority when he directed the District to offer Rajoppi the first available teaching position for which she is certified. Article 27 of the

collective bargaining agreement which prohibits the District from depriving a professional employee of any professional advantage without just cause also provides "[n]othing herein contained shall be construed to deprive, deny, or abridge the School Board of its right to exercise its judgment under the provisions of the School Code of 1949, as amended." The District argues that the arbitrator's award usurps the right of the District specifically reserved to them by law to select the employee of its own choosing. The District cites *Neshaminy School Service Personnel Association v. Neshaminy School District,* 53 Pa. Commonwealth Ct. 262, 417 A.2d 837 (1980), in support of its position. In *Neshaminy,* the arbitrator had awarded the grievant the hourly wage differential between his position and the position he applied for which the arbitrator had said should have been awarded to *a* bargaining unit employee. This Court in affirming the common pleas court order setting aside the arbitrator's award to the grievant, stated that where an arbitrator's actions constitute more than a mere application and interpretation of the collective bargaining agreement's provisions, the decision cannot stand.

In *West Jefferson Hills School District v. Jefferson Federation of Teachers et al.,* 61 Pa. Commonwealth Ct. 374, 433 A.2d 643 (1981), which the Association cites in support of the arbitrator's award, this Court upheld the common pleas court's dismissal of a petition for review of an arbitration award disallowing selection of an applicant for a position who does not observe the contractual deadlines for submission of an application for employment. The District had argued that the award was in excess of the arbitrator's powers as provided in the contract, because it modified the District's contractual right to

fill a vacancy with the person it selected. We upheld the award on the basis the arbitrator was not directing the District to fill the vacancy or select a bargaining unit employee.

Arbitrators have broad powers in the fashioning of remedies. Justice DOUGLAS in *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593 (1960) wrote:

> When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair resolution of a problem. This is especially true when it comes to formulating remedies. There the need is for flexibility in meeting a wide variety of situations. The draftsman may never have thought of what specific remedy should be awarded to meet a particular contingency.

363 U.S. at 597.

An arbitrator possesses authority to fashion remedies necessary to further the intended essence of the bargaining agreement. *Neshaminy*. The award furthers the essence of the agreement if the arbitrator's interpretation was derived rationally from the agreement; the award may be disturbed by a reviewing court only where there is a manifest disregard of the agreement. *United Transportation Union, Local 1594 v. SEPTA*, 28 Pa. Commonwealth Ct. 323, 368 A.2d 834 (1977).

After carefully reviewing the arbitrator's opinion in this case in light of the parties' collective bargaining agreement, we conclude that the arbitrator's award was drawn from the essence of the agreement. The pertinent provisions of the collective bargaining agreement require that the District provide just cause for failure to select a bargaining unit member over

a non-bargaining unit member. We believe the arbitrator was within his authority to determine the District had failed to articulate a legitimate reason for not selecting Rajoppi, that there was no just cause for her rejection, and that effectuating the parties' intent required her selection. This case may be distinguished from *West Jefferson* based on the absence of any specific contractual language in the instant bargaining agreement between the Association and the District leaving selection of employees solely to the discretion of the District and on the presence of language prohibiting rejection of a bargaining unit member except with just cause.

ORDER

Now, September 26, 1985, the order of the Wayne County Court of Common Pleas vacating the arbitrator's award is hereby vacated and the award of Arbitrator John Paul Simpkins, dated September 29, 1983, is reinstated.