513 A.2d 1125

In the Matter of an Arbitration Between: Community College of Beaver County, Appellant *v.* Community College of Beaver County, Society of the Faculty (PSEA/NEA), Appellee.

In the Matter of an Arbitration Between: Community College of Beaver County and Community College of Beaver County, Society of the Faculty (PSEA/NEA), Community College of Beaver County, Society of the Faculty (PSEA/NEA), Appellant.

Argued June 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Thomas H. M. Hough,* with him, *Gregory Gleason, Hough & Gleason, P.C.,* and *James S. Ruffner,* for appellant/appellee.

*William J. Maikovich,* for appellee/appellant.

OPINION BY JUDGE CRAIG, August 13, 1986:

The Community College of Beaver County and its Society of the Faculty (PSEA/NEA) (association), as cross-appellants, appeal from an order of the Court of Common Pleas of Beaver County, modifying an arbitration award. We affirm.

The association is the certified bargaining representative for the college's faculty, counselors, librarians and coordinators. Dorothy D. Watts, a full-time mathematics faculty member of the college, filed a grievance pursuant to the association and college's collective bargaining agreement, alleging that the college had violated the agreement when it reassigned her from teaching credit courses to tutoring.

Because the association and college were unable to resolve the grievance, they submitted it to an arbitrator. After a hearing, the arbitrator granted the grievance, stating that "[i]t is clear that the College must prospectively cease refusing to afford [Watts] her opportunity to teach credit courses"[1] and ". . . that the most circum-

---

[1] The arbitrator directed that the college reinstate Watts to teaching credit courses prospectively instead of immediately, because immediate reinstatement would have disrupted the continuity of the current mathematics program.

spect form of relief, aside from that which is prospective only, is a monetary settlement for the injury sustained by her .through the College's improper action, even though it occasioned no financial injury to her." The arbitrator issued an interim award, directing the parties to negotiate an appropriate remedy.

Thereafter, the college appealed from the arbitrator's award to the court of common pleas. The court of common pleas modified the arbitrator's award by restating the award, but without including the damages. This appeal followed.

The college contends that the arbitrator, in interpreting the parties' collective bargaining agreement, exceeded his scope of authority. Our review of labor arbitration awards follows the well-established "essence test." That test requires us to uphold the arbitrator's decision if " 'the interpretation can in any rational way be derived· from the agreement, viewed in light of its language, its context and any other indicia of the parties' intention. . . .' Ludwig Honold Manufacturing Company v. Fletcher, 405 F.2d 1123, 1128 (3d cir. 1969)." *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/ NEA)*, 473 Pa. 576, 594, 375 A.2d 1267, 1275 (1977). In *Leechburg Area School District v. Dale*, 492 Pa. 515, 520-21, 424 A.2d 1309, 1312-13 (1981), our Supreme Court stated that "the essence test requires a determination as to whether the terms of the agreement encompass the subject matter of the dispute. Where it is determined that the subject matter of the dispute is encompassed within the terms of the agreement, the validity of the arbitrator's interpretation is not a matter of concern to the court."

The arbitrator stated the issue as, "whether or not the language of Article XX, section 20.1 extends a guarantee of any sort to the Grievant." Article XX, section

20.1, of the parties' collective bargaining agreement, provides:

> *First Opportunity*—Full-time faculty members must be given first opportunity to teach credit courses within the provisions of this agreement and their teaching qualifications before the utilization of any part-time or special term employment employees.

The arbitrator, in granting the grievance, stated:

> Similarly, the College has asserted through its Counsel the argument that the purpose which Article XX, section 20.1 was designed to serve pertained to job security rather than to job assignment. The answer to that position is simply that neither the College nor the undersigned Arbitrator are now at liberty to superimpose any alleged purpose on the clear meaning of the actual contractual language. There is no ambiguity whatsoever inherent in the terms which the Parties placed in Article XX, section 20.1, and even the College did not disclaim that it would operate in the Grievant's favor, under appropriate circumstances.

> The notion that the appropriate circumstances did not prevail because the transfer posed no threat to the Grievant's employment cannot be accepted. It is firmly entrenched rule of substantive law that the clear written language itself becomes the contract in effect between the parties where an agreement is integrated into writing, and the words chosen must be accorded their plain, common meaning. The 'First Opportunity' clause is not restricted literally, or by reasonable implication from the writing, to situations where job security is at issue or to where the College is satisfied with the teacher's performance.

The College had an appropriate contractual avenue through which to address the Grievant's alleged deficiencies or incompetence. It chose not to resort to disciplinary action, *per se,* however. Instead, it implemented a transfer that was in derogation of the Grievant's 'First Opportunity' rights. . . .

Inasmuch as the College failed to offer the Grievant the opportunity to teach credit courses in mathematics which she was qualified to teach before making it available to part-time and/or special term employees, it violated the letter of Article XX, section 20.1. . . .

In light of our limited scope of review, we hold that the arbitrator's interpretation of the parties' collective bargaining agreement drew its essence from the agreement.

The association contends that the court of common pleas erred in modifying the arbitrator's award, by excluding the damages. The association cites *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 80 S. Ct. 1358 (1960), in which the Court stated:

When an arbitrator is commissioned to interpret and apply the collective bargaining agreement, he is to bring his informed judgment to bear in order to reach a fair solution of a problem. This is especially true in formulating remedies. There the need is for meeting a wide variety of situations. The draftsman may never have thought of what specific remedy should be awarded to meet a particular contingency.

363 U.S. at 597, 80 S. Ct. at 1361.

Although we agree that arbitrators possess broad powers in the fashioning of remedies, an award nevertheless must further the intended essence of the

bargaining agreement. *Wayne Highlands Education Association v. Wayne Highlands School District*, 92 Pa. Commonwealth Ct. 114, 498 A.2d 1375 (1985). This court has also recognized that:

> An arbitrator's discretion extends no further than mere application and interpretation and must stop when the decision proposes new contract provisions supported by personal notions of industrial justice and fairness.

*Neshaminy School Service Personnel Association v. Neshaminy School District*, 53 Pa. Commonwealth Ct. 262, 269-70, 417 A.2d 837, 840 (1980).

The arbitrator's financial award is not supported by the parties' collective bargaining agreement, especially in light of the fact that Watts did not sustain any financial loss. Therefore, the court of common pleas correctly modified the arbitrator's award by excluding the damages.

The college contends that the entire arbitration award should be vacated because the college was denied due process when the arbitrator fashioned a remedy which was not raised by the parties. However, the college forthrightly acknowledges, at page 9 of its brief, that "[h]ow this denial [of due process] affects the other portions of the award is not known. . . ." Where part of an award is separable from, and not dependent upon, the invalid part of the award, the valid portion of the award may be affirmed. *Mellon v. Travelers Insurance Company*, 267 Pa. Super. 191, 406 A.2d 759 (1979). Clearly, the arbitrator's granting of the grievance is separable from the invalid award of damages. Hence, the court of common pleas correctly omitted only the portion of the award granting the damages.

Accordingly, we affirm the decision of the Court of Common Pleas of Beaver County.

**ORDER**

Now, August 13, 1986, the order of the Court of Common Pleas of Beaver County at No. 383 of 1985, dated June 11, 1985, is affirmed.