540 A.2d 1002

American Federation of State, County and Municipal Employees, AFL-CIO, District Council 87, Appellant *v.* Luzerne County, Appellee.

Argued February 25, 1988, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Alaine S. Williams, Kirschner, Walters & Willig,* for appellant.

*Richard M. Goldberg,* County Solicitor, for appellee.

OPINION BY JUDGE PALLADINO, May 4, 1988:

American Federation of State, County, and Municipal Employees, AFL-CIO, District Council 87 (Appellant) appeals an order of the Court of Common Pleas of Luzerne County (trial court) affirming an arbitration award rendered pursuant to a grievance filed by Appellant against Luzerne County (Appellee). We affirm.

Appellee and Appellant were parties to a collective bargaining agreement effective from January 1, 1983 to December 31, 1985. Appellant was certified as the bargaining representative for certain employees of Appel-

lee. Frank Roman (Grievant) was employed by Appellee in 1970 as a printer.[1] Appellee eliminated Grievant's job in February of 1984 and instructed him not to report for work on March 5, 1984. Grievant thereafter attempted to exercise seniority rights under the parties' collective bargaining agreement in order to "bump" into another position.[2] Appellee prohibited Grievant from doing so on the ground that Grievant was a supervisory employee and therefore was not included within the bargaining unit.

Appellant filed a grievance on behalf of Grievant, alleging that Grievant was a member of the bargaining unit and that Appellee had violated the terms of the collective bargaining agreement by refusing to allow Grievant to exercise seniority rights under the agreement. Appellant contended that Grievant was *not* a supervisor arguing that Grievant had paid union dues, was a member of the bargaining unit at one time, was not officially promoted, and that his name was on several seniority lists.

A hearing was held before an arbitrator on January 16, 1985.[3] By decision dated March 11, 1985, the arbi-

---

[1] Appellant contends that Grievant was a member of the bargaining unit and that Grievant paid union dues until his job was eliminated.

[2] Article XXV of the collective bargaining agreement provides that if it becomes necessary to lay off employees for any reason, employees shall be laid off in the inverse order of their seniority within a particular department. This article further provides that employees shall be recalled from lay off according to their seniority.

[3] Article XXIII of the collective bargaining agreement provided for the submission of a grievance to arbitration if the grievance was not resolved by the parties. The issue presented to the arbitrator was as follows: "Was Grievant a member of the Bargaining Unit at the time his job was eliminated? If so, did the County violate the Collective Bargaining Agreement in denying him all rights under the contract, and, if so, what is the proper remedy?"

trator determined that that Grievant was a supervisory employee and thus was not a member of the bargaining unit at the time his job was eliminated.[4] The arbitrator concluded that Appellee had *not* violated the collective bargaining agreement by denying him seniority rights.

Appellant filed a petition with the trial court, alleging that the arbitrator exceeded his authority, and requested that the award be vacated.[5] Appellant contended that the question of an employee's bargaining unit status is within the exclusive jurisdiction of the Pennsylvania Labor Relations Board (PLRB) under Section 604 of the Public Employe Relations Act (PERA).[6] Appellant also argued that the arbitrator exceeded his contractual authority because the award did not draw its essence from the terms of the collective bargaining agreement. By order dated February 10, 1987, the trial court affirmed the award of the arbitrator and held that arbitrator *did* have jurisdiction to determine whether Grievant was a member of the bargaining unit at the time his job was eliminated.

On appeal to this court, Appellant contends that the arbitrator exceeded his statutory authority because the PLRB has jurisdiction to determine the bargaining unit status of an employee. Appellant also contends that the arbitrator exceeded his contractual authority because

---

[4] The arbitrator declined to accord the seniority lists much weight because Grievant's name was spaced and aligned differently from the other names. Grievant's name was also out of chronological order.

[5] The Uniform Arbitration Act provides that, on application of a party, the court shall vacate an award where the arbitrator has exceeded his authority. 42 Pa. C. S. §7314(a)(1)(iii).

[6] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.604. Section 604 provides that the PLRB shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof.

the award did not draw its essence from the terms of the collective bargaining agreement.

We note that the scope of review of an arbitrator's decision is limited and the decision will not be overturned if it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). The Supreme Court in *Leechburg* held that the "essence test" requires a determination of whether the terms of the collective bargaining agreement encompass the subject matter of the dispute. If the subject matter of the dispute *is* encompassed within the terms of the agreement, the validity of the arbitrator's decision is not a proper matter for judicial review. *Id.* at 520-21, 424 A.2d 1312-13. *See Commonwealth v. Joint Bargaining Committee of Pennsylvania Social Services Union,* 88 Pa. Commonwealth Ct. 321, 489 A.2d 311 (1985).

In order to determine whether an arbitrator's award draws its essence from the terms of the collective bargaining agreement, the award must be examined in light of the language of the collective bargaining agreement, its context, and any other indicia of the parties' intention. *McKeesport Area School District v. McKeesport Area Education Association,* 56 Pa. Commonwealth Ct. 224, 424 A.2d 979 (1981).

Appellant first argues that the arbitrator exceeded his statutory authority because the question of an employee's bargaining unit status is within the jurisdiction of the PLRB under Section 604 of PERA.[7] This court has held that the focus of Section 604 is to provide PLRB certification of a bargaining unit. *West Shore School District v. West Shore Education Association,* 102 Pa. Commonwealth Ct. 574, 519 A.2d 552 (1986). Once that certification has been obtained, the PLRB

---

[7] 43 P.S. §1101.604.

may also determine whether a particular employee is a member of that unit. *Id.*

The PLRB's jurisdiction to determine whether a particular employee is a member of the unit, however, is not exclusive. Although an arbitrator may not alter the definition of the bargaining unit, an arbitrator *does* have jurisdiction to determine whether an employee is a member of the unit as it has been defined. *Northwest Tri-County Intermediate Unit No. 5 Education Association v. Northwest Tri-County Intermediate Unit No. 5,* 77 Pa. Commonwealth Ct. 92, 465 A.2d 89 (1983).

In this case, Article I, Section 1 of the collective bargaining agreement provides that Appellant is recognized as the exclusive bargaining representative for employees established by the certification of the PLRB.[8] Article I, Section 2 specifies that the collective bargaining agreement only applies to those employees falling within the certification as provided in Section 1. Finally, Article I, Section 3 states that the term "employees" as used in the collective bargaining agreement refers only to those individuals falling within the certification as provided in Section 1.

We have held that where the PLRB certification of representation is incorporated into the collective bargaining agreement, the parties to that agreement render the question of whether a particular employee is a member of the bargaining unit a matter of contract interpretation. *Northwest Tri-County,* 77 Pa. Commonwealth Ct. at 96, 465 A.2d at 91. Where an employee's bargaining unit status *is* a matter of contract interpreta-

---

[8] Article I also includes the certification numbers: PERA-R-13, 276-C, Court Related; PERA-R-12, 277-C, Court Appointed Professional; PERA-R-12, 278-C, Court Appointed Non-Professional; PERA-R-13, 279-C, Residual Unit Professional; PERA-R-13, 280-C, Residual Unit Non-Professional. The certification excludes supervisory employees from the bargaining unit.

tion, that status is a proper subject for arbitration under the "essence test." *Id.* Therefore, the arbitrator in this case did have jurisdiction to determine Grievant's unit status.

Appellant also contends that the arbitrator's award did not draw its essence from the terms of the collective bargaining agreement and was in excess of the arbitrator's contractual authority.[9] In this case, the arbitrator determined that Grievant was a supervisory employee.[10] The arbitrator based this conclusion upon Grievant's authority to make hiring, transfer, and discipline recommendations; his listing on the staff roster as a supervisor; his identification card; personnel records; and the fact that he had accumulated more sick days than those allowed under the collective bargaining agreement.

As noted above, the issue of Grievant's unit status was a matter of contract interpretation. The arbitrator resolved this issue in favor of Appellee based upon the

---

[9] Appellant does not contend that the arbitrator should have addressed the issue of whether Appellee had the authority to change Grievant's position from non-supervisory to supervisory. Appellant only cites Article XXIII of the collective bargaining agreement, which provides that the arbitrator shall not add to, subtract from, or modify the provisions of the agreement. Article XXIII also states that the arbitrator shall confine himself to the precise issue submitted for arbitration.

[10] We note that Section 301(6) of PERA defines "supervisor" as:

Any individual having authority in the interests of the employer to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward, or discipline other employees or responsibly to direct them . . . or to a substantial degree effectively recommend such action, if in connection with the foregoing, the exercise of such authority is not merely routine or clerical in nature but calls for the use of independent judgment.

43 P.S. §1101.301(6).

evidence presented. The fact that the arbitrator may have failed to properly perceive the question presented or erroneously resolved it does not provide justification for judicial interference. *Central Susquehanna Intermediate Unit Education Association v. Central Susquehanna Intermediate Unit No. 16*, 74 Pa. Commonwealth Ct. 248, 459 A.2d 889 (1983). So long as the arbitrator's interpretation of the collective bargaining agreement was reasonable, this court will not intrude into the domain of the arbitrator simply because its interpretation might differ from that of the arbitrator. *See School District of Duquesne v. Duquesne Education Association*, 99 Pa. Commonwealth Ct. 63, 512 A.2d 103 (1986).

Because we conclude that the arbitrator's award did not exceed his authority and draws its essence from the collective bargaining agreement, the trial court properly affirmed the award.

Accordingly, we affirm.

### ORDER

AND NOW, May 4, 1988, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed.