Amalgamated Transit Union, Local No. 89 *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant.

Amalgamated Transit Union, Local No. 89 *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board et al. New Castle Area Transit Authority, Appellant.

Argued March 13, 1985, before President Judge CRAMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

*Ernest B. Orsaitt,* with him, *Frank G. Verterano, Gamble, Verterano, Mojock, Piccione & Green,* for appellant, New Castle Area Transit Authority.

*John B. Newrohr,* with him, *Allen L. Palmer, James L. Crawford* and *Kathryn Speaker MacNett,* for appellant, Pennsylvania Labor Relations Board.

*Joseph C. Farina,* for appellee, Amalgamated Transit Union, Local 89.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., October 3, 1985:

The Pennsylvania Labor Relations Board (Board) and the New Castle Area Transit Authority (Authority)[1] appeal a Lawrence County Common Pleas Court order holding that a dispatcher/secretary should be included in the bargaining unit of Amalgamated Transit Union, Local 898 (Union). We reverse.

On April 6, 1982, the Union sought to include the position, dispatcher/secretary, into an existing twenty-two member bargaining unit composed of drivers, me-

---

[1] The Board's and the Authority's appeals were consolidated by an Order of this Court dated February 21, 1984.

chanics and bus washers employed by the Authority.[2] The dispatcher/secretary position was held by Rosalie Costa. After a hearing, the examiner held that Costa should be excluded from the unit. The Board affirmed and held that Costa lacked a community of interest with the preexisting unit of blue collar employees. The Board found that Costa's duties were primarily secretarial/clerical. The common pleas court reversed and held that the Board erred as a matter of law by relying on the effects of community of interest rather than over-fragmentization.

The Board and the Authority contend that the common pleas court erred as a matter of law in considering over-fragmentization since Costa and the existing Union members did not share a community of interest. We agree.

Section 604(1) of the Pennsylvania Labor Relations Act[3] (PLRA) provides:

The board shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the board shall:

(1) Take into consideration but shall not be limited to the following:

(i) public employes *must* have an identifiable community of interest, and

(ii) the effects of over-fragmentization. (Emphasis added.)

_____

[2] Also, at this time, the Union sought to include the position of dispatcher/janitor (James Copple) into the bargaining unit. The Board included this position in the unit because Copple's duties were primarily janitorial and he had an identifiable community of interest with the other blue collar members of the unit. Our review of the record reveals that Costa performed the same dispatching duties as Copple only for a short period of time. The inclusion of Copple in the unit is not a part of this appeal.

[3] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.604.

In reviewing the Board's application of Section 604 of PLRA, this Court must rely upon the expertise of the Board in this specialized field to weigh and determine the facts. *The School District, Township of Millcreek v. Millcreek Education Association*, 64 Pa. Commonwealth Ct. 389, 391-2, 440 A.2d 673, 674 (1982). This Court's scope of review is limited to a determination of whether the Board's findings are supported by substantial evidence and whether the conclusions are reasonable, and not arbitrary, capricious or illegal. *Id.*

Our review of the record reveals substantial evidence to support the Board's finding of a lack of community of interest between Costa and the pre-existing unit. The evidence discloses that Costa's primary duties were those of a bookkeeper and secretary.[4] In this "white collar" position, she in effect acted as a liaison between the drivers and the management.

The Union contends that Section 604 mandates consideration of both the community of interest and the over-fragmentization effects. We disagree.

If the Board's finding that the proposed new members lack an identifiable community of interest with the existing membership is supported by substantial evidence, then any contention regarding over-fragmentization is without foundation. *Association of Pennsylvania State College and University Faculties*

---

[4] The evidence discloses that Costa's duties include typing and answering the phone for the Transit Coordinator; typing for the General Manager when needed; recording mechanics' time if the foreman is on vacation; recording prices for parts; executing purchase orders; checking in drivers; giving drivers change, transfers and passes; recording drivers' time for the payroll; posting the drivers' schedules and vacations; recording revenues for each run; and recording transit accident reports and sending the reports to the insurance company.

*v. Pennsylvania Labor Relations Board*, 34 Pa. Commonwealth Ct. 239, 383 A.2d 243 (1978).

We hold that the common pleas court erred as a matter of law in concluding that a dispatcher/secretary should be included in the Union's bargaining unit.[5]

Reversed.

### ORDER

The Lawrence County Common Pleas Court order, No. 90 of 1983 dated January 11, 1984, is reversed.

---

[5] The Board and the Authority also contend that the common pleas court erred as a matter of law in holding that the effects of over-fragmentization outweighed the finding of lack of community of interest despite the Board's decision not to consider the over-fragmentization issue. Because this Court is reversing the trial court, we need not address the Board's and the Authority's request, in the alternative, for a remand.