510 A.2d 150

American Federation of State, County and Municipal Employees, Council 13, AFL-CIO, By Its Trustee Ad Litem, Edward J. Keller, Petitioner v. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued April 11, 1986, before Judges BARRY and COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Robert A. Sloan*, with him, *Alaine S. Williams*, and *Nancy J. McCauley, Kirschner, Walters, Willig, Weinberg & Dempsey*, for petitioner.

*Patricia J. Goldband*, with her, *James L. Crawford*, and *Anne E. Covey*, for respondent.

*Nathan C. Pringle, Jr.*, Assistant Counsel, for intervenor, Commonwealth of Pennsylvania.

OPINION BY JUDGE COLINS, May 8, 1986:

The American Federation of State, County and Municipal Employees (AFSCME) filed a Petition for Unit Clarification with the Pennsylvania Labor Relations Board (Board) seeking to include the recently created position of Environmental Chemist II in a previously certified bargaining unit of professional, non-supervisory engineering and scientific employees. Following a hearing, a Hearing Examiner of the Board issued a Proposed Order of Unit Clarification, wherein he concluded that the position of Environmental Chemist II is a management level position and not within AFSCME's previously certified bargaining unit. AFSCME filed exceptions with the Board, which affirmed the Hearing Examiner's Proposed Order. This appeal followed.

In reviewing an order of the Board, our scope of review is limited to a determination of whether the factual findings of the Board are supported by substantial evidence and whether the conclusions of law are reasonable. If supported by substantial evidence, the findings

of the Board are conclusive on review. *Commonwealth v. Pennsylvania Labor Relations Board*, 502 Pa. 7, 463 A.2d 409 (1983). Hence, our review must focus on whether there is rational support in the record, when reviewed as a whole, for the Board's order.

A "management level employe" is defined as "any individual who is a involved directly in the determination of policy or who responsibly directs the implementation thereof and shall inclclude all employes above the first level of supervision." Section 301(16) of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.301(16). The Board concluded that Environmental Chemist II is a management level position because those individuals within such classification "direct the implementation of policy."

A review of the record supports this conclusion. One of the Environmental Chemists[1], in discussing her job, testified as follows:

Q. Can you responsibly direct the implementation of policy?

A. I believe I do.

Q. Explain how.

A. For example, the toxic strategy that I referred to and the policy; I am constantly on the phone explaining to our regional personnel how to implement that because an implementation document has not yet been devised. It is too new. The strategy, itself, is a 200-page document, which is complicated. It's a guide to permit writers primarily, but there is a lot of science involved in it and a lot of manipulations—

Similarly, a second witness testified:

---

[1] The record reveals that at the present time there are only three, or possibly four, individuals classified as Environmental Chemist II. Three of these individuals testified before the Hearing Examiner.

Q. Do you implement policy? I believe you discussed that before under the term of quality assurance.

A. Yes. As one of my duties as Quality Assurance Officer, [this is one duty of an Environmental Chemist II in the Bureau for which this witness works] it is my responsibility to make sure that the quality assurance procedures and policies that we have spelled out in the quality assurance plan are adhered to by the regional people and personnel.

Q. It is my understanding that you have to adhere to certain EPA guidelines or regulations; is that correct?

A. It is.

Q. Isn't that a matter of the Bureau of Solid Wastes, itself has to adhere to those guidelines and regulations set by EPA in order to receive their money, I guess?

A. Yes, our program has to be at a minimum as stringent as EPA's, so yes, we do have guidelines.

Q. Yes, that's exactly what I'm asking you. I guess I'm saying that the Department of Environmental Resources has to - the agency, itself has to adhere to certain EPA guidelines and you are the person who makes decisions as to whether or not - you make the decisions to adhere to those guidelines?

A. I have made decisions on how we go about adhering to the guidelines in some areas, yes.

The record is replete with similar testimony from each witness, and such certainly meets the requisite standard of substantial evidence.

AFSCME contends that these employees cannot be management level employees because they do not make the final determinations with regard to policy, and their decisions are always subject to review; however, the law is contrariwise. Even though an employee's decisions may be subject to review by individuals superior to them in the chain of command, they may still be considered "management" employees. *Carlynton School District Appeal*, 31 Pa. Commonwealth Ct. 631, 377 A.2d 1033 (1977). Furthermore, the fact that all of their employment functions may not be management functions does not negate their status as management. It suffices if some of their functions are management functions. *Id*.

Therefore, we will affirm the Board.

### ORDER

AND NOW, May 8, 1986, the order of the Pennsylvania Labor Relations Board, Case No. PERA-U-84-200-E, dated March 13, 1985 is hereby affirmed.