529 A.2d 1188

American Federation of State, County and Municipal Employees, Council 13, AFL-CIO, by Its Trustee Ad Litem, Edward J. Keller, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued December 11, 1986, before Judges MAC-PHAIL and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Alaine S. Williams*, with her, *Nancy J. McCauley, Kirschner, Walters & Willig*, for petitioner.

*James L. Crawford*, with him, *Patricia J. Goldband*, and *John B. Neurohr*, for respondent.

*Steven O. Newhouse*, with him, *Frank Fisher*, for intervenor, Office of Administration and Office of the Budget.

OPINION BY JUDGE BARRY, August 14, 1987:

The American Federation of State, County and Municipal Employees, Council 13 (AFSCME) appeals from an order of the Pennsylvania Labor Relations Board (Board) which reversed a proposed decision and order of a hearing examiner which found that the Commonwealth of Pennsylvania, Department of Transportation had committed an unfair labor practice.

In December of 1980, various employees of DOT who were also members of AFSCME and the bargaining unit were notified that their positions as stock clerks were being eliminated effective January 19, 1981, because of the lack of funding. A number of their responsibilities were to be performed by storekeepers, first level supervisors who were not a part of the bargaining unit. AFSCME filed a charge of an unfair labor practice

against the Commonwealth, alleging a transfer of work from the bargaining unit to the supervisory unit. At the initial hearing on the charge, the hearing examiner discovered that a grievance had been filed by a member of the bargaining unit alleging a violation of the collective bargaining agreement based on the same facts. The unfair labor practice charges were deferred until the completion of the arbitration process on the grievance.

At the completion of the grievance process, the arbitrator concluded that no violation of the collective bargaining agreement had occurred. The arbitrator found that except for the supervisory functions performed by the storekeepers, there was no difference in the functions of the two positions. The arbitrator concluded that there had been no "major negative impact" upon the members of the bargaining unit and thus no violation of various provisions of the collective bargaining agreement. No appeal was taken from the arbitrator's award.

When the hearing examiner was notified of the arbitrator's decision, he decided that deferral to that decision was not warranted. He concluded that the Commonwealth had committed unfair labor practices as defined by Section 1201(a)(1) and (5) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1201 (Supp. 1986). The Commonwealth filed exceptions to the proposed decision and order. The Board held that the hearing examiner had erred in refusing to defer to the arbitrator's decision. Accordingly, the Board dismissed the complaint issued pursuant to AFSCME's charge. This appeal followed.

In *Pennsylvania Labor Relations Board v. Pine Grove Area School District*, 10 Pa. Pub. Employee R. ¶ 10167 (1979), the Board announced its standards for deferring to arbitration actions which had also been filed and involved the same factual scenario. Before arbitration, the Board will defer when (1) the grievance

was filed before the unfair labor practice charge, (2) the charges filed are rooted in the labor contract between the parties and (3) the conduct which is the source of both the grievance and the charge does not allege any discrimination toward the exercise of employee rights. As all three prongs of this test were clearly met, no one argues that pre-arbitration deferral was improper in this case. After arbitration, the Board will defer to the decision of the arbitrator if (1) the grievance procedure was fair and regular, (2) the dispute was amicably settled or resolved by timely arbitration and (3) the arbitrator's result was not repugnant to the policies of PERA.

AFSCME argues that two errors of law were committed by the Board when it determined that post-arbitration deferral was proper in this case. First, the union argues that a fourth prong should be engrafted onto the *Pine Grove* standards for post-arbitration deferral, namely, that the arbitrator must have been presented with and decided the statutory unfair labor practice charge. Second, AFSCME argued that the arbitrator's result was repugnant to PERA. We will deal with these allegations of error in the order which they are presented.

As authority for the proposition that a fourth prong should be added, AFSCME cites *Suburban Motor Freight*, 247 N.L.R.B. 146, L.R.R.M. (BNA) 1113 (1980) and *Pennsylvania Labor Relations Board v. Harrisburg School District*, 14 Pa. Pub. Employee R. ¶ 14032 (1983), which both require the result which AFSCME urges. For the following reasons set forth by the Board, however, we will not follow either of these decisions.

The Board points out that the National Labor Relations Board's decisions concerning the fourth prong of the test have not been consistent. In *Raytheon Co.*, 140 N.L.R.B. 84, 52 L.R.R.M. (BNA) 1129 (1983), *set aside*

*on other grounds,* 326 F.2d 471 (1st Cir. 1964), the NLRB added the fourth requirement. That requirement, however, was dropped in *Electronic Reproduction Service Corp.,* 213 N.L.R.B. 758, 87 L.R.R.M. (BNA) 1211 (1974). In 1980, the requirement was again added in *Suburban Motor Freight.* Consistent with its own inconsistency, the NLRB dropped the requirement in *Olin Corp.,* 269 N.L.R.B. 573, 115 L.R.R.M. (BNA) 1056 (1984).

As the Board points out, never in its history has it adopted the fourth prong as urged presently by AFSCME. *Harrisburg School District* was the proposed decision of a hearing examiner which was never appealed to the Board. In *Fraternal Order of Police, Star Lodge 20 v. Pennsylvania Labor Relations Board,* 104 Pa. Commonwealth Ct. 561, 576, 522 A.2d 697, 703-04 (1987), we discussed the weight to be given an unappealed decision of a hearing examiner.

> Although the Board clearly is not bound by hearing examiner decisions, the Board cannot discard consistent trends in the work of its own hearing examiners by any claim that the Board is powerless to review them sua sponte, in view of 34 Pa. Code §95.98(d), permitting the Board to review any hearing examiner decision on its own motion.

We point out that the decision in *Harrisburg School District* is not part of any consistent trend. Further, we know of no authority which would require the Board, deciding questions of state law concerning PERA, to blindly follow decisions of the NLRB which involve questions purely of federal law. Given the NLRB's flip-flopping on this question, we can perceive no error in the Board's consistent policy which has never required the fourth prong.

AFSCME next argued that the arbitrator's decision is repugnant to PERA. In effect, AFSCME would have us rule that an arbitrator's decision would have to follow Board precedent or be subject to being overruled as repugnant to the PERA. There is little question that, had no grievance been filed, the Board would have ruled that an unfair labor practice had been committed under these facts. In *Pennsylvania Labor Relations Board v. Mars Area School District*, 480 Pa. 295, 389 A.2d 1073 (1978), the court held that unless a unilateral transfer was made for reasons of policy, as opposed to reasons of economics, such a transfer out of the bargaining unit without first bargaining in good faith is an unfair labor practice. The transfers here were for economic reasons and were accomplished without any bargaining. Unfortunately for AFSCME, the *Mars* decision does not require reversal of the Board.

The arbitrator ruled that the collective bargaining agreement had not been violated by these transfers because the duties of the bargaining unit members and the supervisors so overlapped that there was "no major negative impact". When determining if an assignment of work outside the bargaining unit is violative of a collective bargaining agreement, an arbitrator is permitted to consider whether the "quantity of work or the effect on the bargaining unit is minor or de minimis in nature." Elkouri and Elkouri, *How Arbitration Works* 512 (3d ed. 1974). The arbitrator's ruling in this case was therefore essentially that no transfer of work outside the bargaining unit had occurred. The NLRB has defined repugnance in this context as "not whether the Board would have reached the same result as an arbitrator, but whether the arbitrator's award is palpably wrong as a matter of law." *Inland Steel Co.*, 263 N.L.R.B. 1091, 111 L.R.R.M. (BNA) 1193 (1982).

In the present case, the arbitrator used a permissible standard in deciding that the collective bargaining agreement had not been violated. With the arbitrator's finding that no bargaining unit had been transferred, there was no duty to bargain over DOT's actions. We must remember that AFSCME chose to proceed with arbitration in this matter, and it must now live with that choice. Finding no error, we affirm.

## ORDER

NOW, August 14, 1987, the August 23, 1985 order of the Pennsylvania Labor Relations Board at No. PERA-C-81-320-E is affirmed.