532 A.2d 925

Chester-Upland School District *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board and Chester-Upland Education Association. Chester-Upland Education Association, Appellant.

Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant *v.* Chester-Upland School District, Appellee.

Argued September 18, 1987, before Judges COLINS and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Leonard V. Tenaglia,* with him, *Thomas P. Hamilton, Jr., Richard, DiSanti, Hamilton, Gallagher & Paul,* for appellant/appellee, Chester-Upland Education Association.

*James L. Crawford,* with him, *John B. Neurohr,* for appellant/appellee, Pennsylvania Labor Relations Board.

*Leo A. Hackett,* with him, *Kathryn Speaker Mac-Nett, Fronefield & deFuria,* for appellee, Chester-Upland School District.

OPINION BY JUDGE COLINS, October 26, 1987:

Appellants, Chester-Upland Education Association (Association) and the Pennsylvania Labor Relations

Board (Board) appeal from an order of the Court of Common Pleas of Delaware County which reversed the Board's decision to include Licensed Practical Nurse Program Instructors (Instructors) within the professional bargaining unit previously certified. For the reasons stated herein, we reverse.

The Chester-Upland School District (School District) filed a Petition for Unit Clarification with the Board, requesting that the Instructors be excluded from a unit of professional employees which the Board previously certified.[1] The School District was informed that its student-teacher ratio in the program did not meet requirements established by the State Board. The School District was made aware that its inability to meet the required ratio was due to the fact that the salaries offered were not competitive. Consequently, the School District filed the instant unit clarification petition to exclude the Instructors from the bargaining unit in order to offer them more competitive salaries.

The Board issued a final order affirming the hearing examiner's conclusions that the Instructors shared an identifiable community of interest with the other professional employees.

The Court of Common Pleas determined that the Board erred in finding a community of interest between the registered nurse instructors and the classroom teachers, asserting that the Board failed to make essential findings of fact.

A common pleas court's scope of review regarding adjudications of the Board is limited to whether the

---

[1] The unit was composed of "[a]ll professional employes including Classroom Teachers, Librarians, Other Instructional Staff, Guidance Counselors, Nurses, Dental Hygienists, Speech Therapists, Aides to Principal, Administrative Assistant to Principal, Deans, and excluding supervisors, first level supervisors, management and confidential employees. . . ."

Board's findings are supported by substantial and legally credible evidence and whether conclusions deduced therefrom are reasonable. *Employees of Carlynton School District v. Carlynton School District,* 31 Pa. Commonwealth Ct. 631, 377 A.2d 1033 (1977). *See also City of Scranton v. Pennsylvania Labor Relations Board,* 95 Pa. Commonwealth Ct. 510, 505 A.2d 1360 (1986). It is not the duty of a court reviewing an order of the Board to substitute its judgment concerning an appropriate bargaining unit. *Pennsylvania Labor Relations Board v. Butz,* 411 Pa. 360, 192 A.2d 707 (1963). *See also Amalgamated Transit Union v. Pennsylvania Labor Relations Board,* 92 Pa. Commonwealth Ct. 144, 498 A.2d 485 (1985).

Further, the Board is considered to be experienced in determining the appropriateness of a bargaining unit, and appellate courts consistently defer to this expertise. *Western Psychiatric Institute and Clinic v. Pennsylvania Labor Relations Board,* 16 Pa. Commonwealth Ct. 204, 330 A.2d 257 (1974).

Section 604(1)(i) and (ii) of the Public Employe Relations Act[2] provides:

> The board shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the board shall:
> (1) Take into consideration but shall not be limited to the following: (i) public employes must have an identifiable community of interest, and (ii) the effects of overfragmentization.

43 P.S. §1101.604(1)(i) and (ii).

In its brief, the Board correctly maintains that the court exceeded its scope of judicial review and substi-

---

[2] Act of July 23, 1970, P.L. 563, 43 P.S. §§1101.101-1101.2301.

tuted its judgment when it speculated that the future possibility of funding discontinuation for the employees in question resulted in the Instructors having no expectation of continued employment and no community of interest.[3]

The record adequately establishes a basis upon which the Board could conclude that the Instructors shared a community of interest with the teachers. Findings of fact Nos. 5 through 11 and 13 through 15 in the Proposed Order of Unit Clarification support this conclusion.

We hold that the Board's findings to include the Instructors in the bargaining unit are supported by substantial and legally credible evidence, and its conclusions are reasonable. In so holding, it is our position that the Court of Common Pleas improperly substituted its judgment for that of the Board's.

Accordingly, we reverse the order of the Court of Common Pleas and reinstate the final order of the Pennsylvania Labor Relations Board which includes the Registered Nurse Program Instructors in the professional bargaining unit.

## ORDER

AND NOW, this 26th day of October, 1987, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is hereby reversed.

---

[3] The hearing examiner found to the contrary on page 4 of the Proposed Order of Unit Clarification: "In the instant case there is no expressed intent to terminate the LPN program instructors. In fact, the School District is most concerned with the instructors' not leaving the program. Their desire to increase salaries of the instructors is indicative of this."