The SCHOOL DISTRICT OF
PHILADELPHIA

v.

COMMONWEALTH of Pennsylvania,
PENNSYLVANIA LABOR
RELATIONS BOARD.

Appeal of COMMONWEALTH ASSOCIATION OF SCHOOL ADMINISTRATORS—TEAMSTERS LOCAL 502, Appellant.

SCHOOL DISTRICT OF
PHILADELPHIA,
Appellant,

v.

COMMONWEALTH of Pennsylvania,
PENNSYLVANIA LABOR
RELATIONS BOARD.

SCHOOL DISTRICT OF
PHILADELPHIA

v.

COMMONWEALTH of Pennsylvania,
PENNSYLVANIA LABOR RELATIONS BOARD, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 11, 1998.

Decided Oct. 22, 1998.

---

Charles J. Cunningham, III, Philadelphia, for appellant, Teamsters Local 502.

Vincent J. Salandria, Philadelphia, for appellant, School Dist. of Phila.

James L. Crawford and John B. Neurohr, Harrisburg, for appellant/appellee, PLRB.

Linda M. Martin, Philadelphia, for intervenor, Phila. Federation of Teachers, Local 3.

Before FRIEDMAN and KELLEY, JJ., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Before the Court are appeals on behalf of the Commonwealth Association of School Administrators, Teamster Local 502 (CASA), the Pennsylvania Labor Relations Board (PLRB) and the School District of Philadelphia (District) from the April 2, 1998 order of the Court of Common Pleas of Philadelphia County which reversed in part and affirmed in part the PLRB's July 8, 1997 Final Order. The common pleas court determined: 1) that the position of Coordinator, Teaching and Learning Network (CTLN) is managerial as defined by Section 301(16) of the Public Employe Relations Act (PERA) and is therefore excluded from any bargaining unit;[1] and 2)

that the position of Coordinator, Family Resource Network (CFRN) is neither supervisory nor managerial under Sections 301(6), 43 P.S. §§ 1101.301(6) or 301(16) of PERA and, therefore, can be included in the Philadelphia Federation of Teachers' professional and technical unit. For the reasons set forth below, we reverse the common pleas court's order in part, affirm it in part and reinstate the PLRB's Final Order in its entirety.

On October 26, 1995, the Philadelphia Federation of Teachers (PFT) filed a petition for unit clarification with the Board seeking to include 12 employees in the two newly created job classifications, CTLN[2] and CFRN,[3] in its bargaining unit of rank and file employees of the District. A hearing was held before Timothy Tietze, the PLRB's Hearing Examiner, who on June 7, 1996 issued a Proposed Order of Unit Clarification. In his order, the Hearing Examiner concluded that CTLNs are first level supervisory employees but also are management level employees and as a result, must be excluded from any PFT or CASA bargaining units. The Hearing Examiner further determined that CFRNs are neither managerial nor supervisory employees and, therefore, are properly included in PFT's professional and technical unit.

The District, PFT and CASA filed timely exceptions to the Hearing Examiner's Proposed Order of Unit Clarification. On July 8, 1997, the PLRB issued a Final Order agreeing with PFT and CASA that the Hearing Examiner erred in classifying CTLNs are management level employees under PERA and, therefore, determined that CTLNs are first level supervisory employees and should be included in CASA's meet and discuss unit. In addition, the PLRB affirmed the Hearing Examiner's determination that CFRNs are rank and file employees

---

1. Act of July 23, 1970, P.L. 563, 43 P.S. § 1101.301(16).

2. CTLNs' duties involve, inter alia, directly supervising facilitators (drafting their schedules and assigning their job responsibilities) recommend transfer of teachers and facilitators, recommend discipline or suspension for teachers, arrange conferences and workshops for teachers, monitor compliance with court mandates, participate in development and implementation of ways to improve teaching skills. CTLNs are not

involved in grievance procedures. (Hearing Examiner's Proposed Order of Unit Clarification, pp. 1–2).

3. CFRNs' duties involve, inter alia, coordination and monitoring of the non-duplicative provision of public and private non-educational social services to those families of students who may be in need of such services. CFRNs have no role in the hiring, firing, promotion or discipline of any other employee. (Hearing Examiner's Proposed Order of Unit Clarification, p. 2).

that should be included in PFT's professional and technical unit.

The District filed a petition for review with the common pleas court, which issued an April 2, 1998 order affirming the PLRB's determination that CFRNs were rank and file employees and were therefore included in PFT's professional and technical bargaining unit. However, the common pleas court reversed the PLRB's determination that CTLNs are first level supervisors and ruled that CTLNs are management level employees, who are excluded from any bargaining unit. CASA and the PLRB appealed from the common pleas court's ruling that CTLNs are management level employees. The District appealed from the common pleas court's ruling that CFRNs were rank and file employees.

Our scope of review is limited to determining whether the PLRB's essential findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Lehighton Area Sch. Dist. v. Pennsylvania Labor Relations Board*, 682 A.2d 439 (Pa. Cmwlth.1996). "Further, we are mindful that the PLRB possesses administrative expertise in the area of public employee labor relations and should be shown deference; the Commonwealth Court will not lightly substitute its judgment for that of the PLRB." *American Fed'n of State, County and Mun. Employees, Council 13, AFL–CIO v. Pennsylvania Labor Relations Board*, 150 Pa. Cmwlth. 642, 616 A.2d 135, 137 (1992).

## I.

■ We will first address CASA's contention that the common pleas court erred in conducting a de novo review of the evidence, overruling the PLRB and determining that the CTLN position is managerial.[4] CASA and the PLRB maintain that the CTLN position is that of a first level supervisor and,

therefore, may be included in CASA's meet and discuss unit.

In its July 8, 1997 Final Order, the PLRB determined "[t]hat the position of Coordinator, Teaching and Learning Network is not managerial within the meaning of Section 301(16) of [PERA], but is a first level supervisory position within the meaning of Section 301(6) of the [PERA] and is included in the meet and discuss unit represented by CASA." (Conclusion of Law No. 6). Section 301(6) of PERA, defines "supervisor" as:

> [A]ny individual having authority in the interests of the employer to hire, transfer, suspend, layoff, recall, promote, discharge, assign, reward or discipline other employes or responsibly to direct them or adjust their grievances; or to a substantial degree effectively recommend such action, if in connection with the foregoing, the exercise of such authority is not merely routine or clerical in nature but calls for the use of independent judgment.

In contrast, Section 301(16) of PERA defines "management level employe" as "any individual who is involved directly in the determination of policy or who responsibly directs the implementation thereof and shall include all employes above the first level of supervision."

As the PLRB noted in its final decision, the sole reason the Hearing Examiner concluded that CTLNs were management is that CTLNs monitor the instructional programs to ensure that the District is in compliance with the federal, state and local court mandates. (*See* Proposed Order of Unit Clarification, Finding of Fact No. 6). In reaching his determination, the Hearing Examiner reasoned:

> However, the CTLNs also perform management functions. Here, the record shows that CTLNs are responsible for ensuring the District's compliance with federal, state and local court mandates. Employes who are responsible for ensuring

---

4. "A common pleas court's scope of review regarding adjudications of the Board is limited to determining whether the Board's findings are supported by substantial and legally credible evidence and whether the conclusions deduced therefrom are reasonable." *Chester Upland Sch.*

*Dist. v. Pennsylvania Labor Relations Board,* 110 Pa.Cmwlth. 439, 532 A.2d 925, 927 (1987). "It is not the duty of a court reviewing an order of the Board to substitute its judgment concerning an appropriate bargaining unit." *Id.*

that their employer is in compliance with federal regulations governing its conduct are management level employes because in performing that function those employes responsibly direct the implementation of policy within the meaning of Section 301(16) of the Act. In this case then, CTLNs implement policy and therefore perform management duties. When employes at times perform management duties, those employes are properly classified as managerial.

(Proposed Order of Unit Clarification, p. 3). To support its determination, the Hearing Examiner cited the testimony of Karen Delguercio, a former principal and cluster leader, who testified that CTLNs monitor instructional programs to determine whether or not the District is in compliance with federal, state and local mandates. (Notes of Testimony (N.T.) 34; Reproduced Record (R.R.) 51a).

However, as the PLRB noted in its Final Order, although CTLNs monitor the District's instructional programs for compliance with these mandates, the record is devoid of any indication that CTLNs have any responsibility or take any action in cases where non-compliance is found. In *Pennsylvania Ass'n of State Mental Hosp. Physicians v. Pennsylvania Labor Relations Board,* 124 Pa.Cmwlth. 28, 554 A.2d 1021 (1989), *petition for allowance of appeal denied,* 525 Pa. 590, 575 A.2d 119 (1990), the Court, citing *Montefiore Hosp. & Med. Ctr.,* 261 N.L.R.B. 569 (1982), recognized that where the employee's decisions are not managerial if they were a part of the employee's routine discharge of professional duties and had no impact on management policy formulated by a central administration.

In contrast, the Court in *Pennsylvania Ass'n of State Mental Hosp. Physicians,* relying upon the PLRB's decisions in *Commonwealth of Pennsylvania,* (Attorneys Examiner I), 12 PPER ¶ 1231 (Final Order 1981) and *Horsham Township,* 9 PPER ¶ 9151 (Final Order 1978), recognized that an employee would be considered managerial if he or she were involved directly in the implementation of policy and not only had authority to select among policy options and to put the proposed policies into effect, but also regularly participated in the policy proposal process. 554 A.2d at 1023.

In accordance with *Pennsylvania Ass'n of State Mental Hosp. Physicians,* we believe that the PLRB did not err in determining that the Hearing Examiner's finding that "CTLNs ensure that the District is in compliance with federal, state and local court mandates...." is not supported by substantial evidence. The evidence of record does not indicate that CTLNs participate directly in the policy-making process or have any significant impact on the formulation or implementation of management policy.

■ As a result, the PLRB did not err in reversing the Hearing Examiner and determining that CTLNs are a first level supervisory group and are included in CASA's meet and discuss unit. "We will not interfere with this area of Board expertise, i.e., determination of appropriate bargaining unit, where the conclusions are not arbitrary or capricious but a reasonable conclusion from the facts." *Independent Ass'n of Pennsylvania Liquor Control Board Employees v. Pennsylvania Labor Relations Board,* 48 Pa. Cmwlth. 342, 409 A.2d 532, 535 (1980). "[T]he court must rely upon the expertise of the PLRB in this specialized field to weigh and determine facts; the court must decide only whether the findings of the PLRB are supported by substantial evidence and whether the conclusions are reasonable, and not arbitrary, capricious or illegal." *School Dist. of the Township of Millcreek v. Millcreek Educ. Ass'n,* 64 Pa.Cmwlth. 389, 440 A.2d 673, 674 (1982).

In view of the foregoing, we agree with CASA and the PLRB that the common pleas court erred in conducting a de novo review of the case rather than relying upon the factual determinations and legal conclusions of the PLRB, which we find to be adequately supported by substantial evidence and in accord with the applicable law. *Chester Upland Sch. Dist.* Accordingly, we reverse the order of the common pleas court to the extent that it holds that the CTLN positions are managerial and reinstate the PLRB's ruling that said positions are merely first level supervi-

sory and, therefore, included in CASA's meet and discuss unit.

## II.

■ We will now address the District's contention that the common pleas court erred in affirming the Board's determination that CFRN positions were rank and file rather than management level positions. In its comprehensive and well-reasoned Final Order, the Board stated:

With respect to the CFRN position, the record reveals that the CFRN coordinates the non-duplicative provision of public and private non-educational social services to those families and students who may be in need of those respective services. They monitor the progress of that relationship and evaluate the success of the intervention. The CFRNs have no role in the promotion or discipline of other employes nor can they hire, fire or rate other employes. The CFRNs schedule and chair meetings with nurses and counselors and can make work assignments to counselors and nurses. The hearing examiner concluded that the CFRNs were neither management level nor supervisory employes, a conclusion to which the [District] and the [PFT] except. *The only supervisory function performed by the CFRNs is the assignment of work to the counselors and nurses. However, the hearing examiner correctly concluded that there is no evidence on this record that these assignments are other than routine in nature or call for the use of independent judgment. Accordingly, the Board will not rely upon this testimony to exclude the CFRN position from PFT's rank and file bargaining unit.*

. . . .

Here the functions proffered by the [District] to establish the management level status of the CFRNs such as establishing and monitoring the health, social and advocacy delivery systems or arranging meetings with government and health provider representatives *are the performance of the technical expertise of the CFRN position and do not support a management level exclusion.*

. . . .

The [District] argues that the CFRN has a federal, state and local mandate compliance function similar to the CTLN involving "T.B. testing or vision screening" (N.T. 54). *However, an examination of the record fails to reveal that this compliance function involves any federal, state or local regulation or that the CFRNs, like the CTLNs, have any responsibility other than merely monitoring these programs.*

(PLRB Final Order, pp. 4–5) (emphasis added). Consequently, the PLRB dismissed the District's exceptions. In its decision affirming the PLRB, the common pleas court stated:

Regarding the status of CFRNs, substantial evidence supports the Board's conclusion that CFRNs should be considered rank and file employees. CFRNs have neither managerial nor supervisory responsibilities. CFRNs are overseen by cluster leaders. *Board Notes of Testimony,* February 2, 1996, at 23. They do not direct or supervise any personnel but rather recommend action, such as guiding school nurses to make referrals to students and their families to more convenient locations of family care. *Id.* at 49, 53, 58 and 94. Testimony suggesting that CFRNs create or implement policy had no substantiating examples. *Id.* at 49, 52, 56, 88, 95 and 98. Those actually employed as CFRNs testified before the Board that they are not supervisors. *Id.* at 57–58 and 96. As such, the Board had substantial evidence to support its holding that CFRNs are rank and file employees, and the Court affirms this ruling by the Board.

(Common Pleas Court's Opinion, pp. 5–6.).

We agree with the common pleas court that the PLRB's determination, that CFRNs are neither management level nor supervisory employees and, therefore, included in PFT's rank and file bargaining unit, is supported by substantial evidence and in accord with the applicable law. Despite the District's assertions to the contrary, which are apparently based upon the CFRNs' job description, our review of the record indicates that the PLRB was correct in determining

that there is no substantial evidence to actually show that the CFRNs meaningfully participated in any significant policy formation or reflect any instances where CFRNs took concrete measures to ensure the implementation of District policies.[5] To reiterate, we rely heavily on the PLRB's expertise in this specialized area and will not disturb its conclusions, where, as here, they are reasonable, supported by substantial evidence and are not arbitrary, capricious or illegal. *Millcreek Educ. Ass'n.*

Consequently, we hold that the PLRB did not err in determining that CFRNs are not management level employees. *Pennsylvania Ass'n of State Mental Hosp. Physicians; Commonwealth of Pennsylvania,* (Attorneys Examiner I), 12 PPER ¶ 1231 (Final Order 1981); *Horsham Township,* 9 PPER ¶ 9151 (Final Order 1978). *Contrast American Fed. of State, County and Mun. Employees, Council 13, AFL–CIO, by Keller v. Commonwealth,* 97 Pa.Cmwlth. 138, 510 A.2d 150 (1986) (where employer proves that employees perform distinctive managerial functions, those employees are properly classified as management level employees).

Furthermore, we note that although the District also appears to maintain in its brief that CFRNs are first level supervisors if not management level employees, and thus should not be included in the rank and file, the District failed to raise this issue before the common pleas court.[6] Accordingly, it is waived. Pa. R.A.P. 302(a); *Fatzinger v. City of Allentown,* 140 Pa.Cmwlth. 62, 591 A.2d 369 (1991), *petition for allowance of appeal denied,* 529 Pa. 653, 602 A.2d 862 (1992).

In view of the foregoing, we reverse the common pleas court's order to the extent that it holds that the CTLN positions are managerial and we reinstate the PLRB's Final Order ruling that the CTLN positions are merely first level supervisory and, therefore, properly included in CASA's meet and discuss unit. We affirm the common pleas court's order to the extent that it upheld the PLRB's determination that the CFRN positions are neither managerial nor supervisory and, therefore, properly included in PFT's rank and file professional and technical bargaining unit.

### ORDER

AND NOW, this 22nd day of October, 1998, the April 2, 1998 order of the Court of Common Pleas of Philadelphia County is reversed to the extent that it holds that the CTLN positions are managerial and excludable from any bargaining unit. In all other respects, the Court's order is affirmed. The July 8, 1997 Final Order of the Pennsylvania Labor Relations Board is reinstated in its entirety.

---

**5.** We note that in PLRB proceedings, the party seeking to exclude a position from a bargaining unit has the burden of proving by substantial evidence of record that the statutory exclusion applies. *Monroe County,* 18 PPER ¶ 11122 (Final Order 1986).

**6.** In its petition to review, vacate and set aside the PLRB's Final Order, the District alleged only that there was no substantial evidence to support the conclusion that the CFRN and CTLN positions are not managerial and should have been prohibited from being in any bargaining unit. (*See* R.R. 265a–266a).